## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:  TERMINATION OF LEGACY ANTITRUST JUDGMENTS IN THE MIDDLE DISTRICT OF GEORGIA | Civil Action No. ____ |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>ATLANTIC COMPANY, *et al*.,<br>        Defendants. | Civil Action No.  719 |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>HEYWARD ALLEN MOTOR COMPANY, INC., *et al*.,<br>        Defendants. | Civil Action No.  771 |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>SOUTHEASTERN PEANUT ASSOCIATION,<br>        Defendant. | Civil Action No.  777 |

UNITED STATES OF AMERICA,
        Plaintiff,

                        v.                          Civil Action No.  75-28-COL

TOM'S FOODS LTD.,
        Defendant.

## MEMORANDUM IN SUPPORT OF THE MOTION OF
## THE UNITED STATES TO TERMINATE LEGACY ANTITRUST JUDGMENTS

The United States respectfully submits this memorandum in support of its motion to

terminate four legacy antitrust judgments.  The Court entered these judgments in cases brought

by the United States between 1952 and 1975; thus, these judgments are between forty-four and

sixty-seven years old.  After examining each judgment—and after soliciting public comments on

each proposed termination—the United States has concluded that termination of these judgments

is appropriate.  Termination will permit the Court to clear its docket, the Department to clear its

records, and businesses to clear their books, allowing each to utilize its resources more

effectively.

## I.      BACKGROUND

From 1890, when the antitrust laws were first enacted, until the late 1970s, the United

States frequently sought entry of antitrust judgments whose terms never expired.[1]  Such

perpetual judgments were the norm until 1979, when the Antitrust Division of the United States

Department of Justice ("Antitrust Division") adopted the practice of including a term limit of ten

---

[1] The primary antitrust laws are the Sherman Act, 15 U.S.C. §§ 1-7, and the Clayton Act, 15 U.S.C. §§ 12-27.  The judgments the United States seeks to terminate with the accompanying motion concern violations of these two laws.

years in nearly all of its antitrust judgments.  Perpetual judgments entered before the policy

change, however, remain in effect indefinitely unless a court terminates them.  Although a

defendant may move a court to terminate a perpetual judgment, few defendants have done so.

There are many possible reasons for this, including that defendants may not have been willing to

bear the costs and time resources to seek termination, defendants may have lost track of decades-

old judgments, individual defendants may have passed away, or firm defendants may have gone

out of business.  As a result, hundreds of these legacy judgments remain open on the dockets of

courts around the country.  Originally intended to protect the loss of competition arising from

violations of the antitrust laws, nearly all of these judgments likely have been rendered obsolete

by changed circumstances.

The Antitrust Division recently implemented a program to review and, when appropriate,

seek termination of legacy judgments.  The Antitrust Division's Judgment Termination Initiative

encompasses review of all of its outstanding perpetual antitrust judgments.  The Antitrust

Division described the initiative in a statement published in the Federal Register.[2]  In addition,

the Antitrust Division established a website to keep the public apprised of its efforts to terminate

perpetual judgments that no longer serve to protect competition.[3]  The United States believes that

its outstanding perpetual antitrust judgments presumptively should be terminated; nevertheless,

the Antitrust Division examined each judgment covered by this motion to ensure that it is

suitable for termination.  The Antitrust Division also gave the public notice of—and the

opportunity to comment on—its intention to seek termination of these judgments.

---

[2] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.

[3] https://www.justice.gov/atr/JudgmentTermination.

In brief, the process by which the United States has identified judgments it believes should be terminated is as follows:

- The Antitrust Division reviewed its perpetual judgments entered by this Court to identify those that no longer serve to protect competition such that termination would be appropriate.

- When the Antitrust Division identified a judgment it believed suitable for termination, it posted the name of the case and a link to the judgment on its public Judgment Termination Initiative website, https://www.justice.gov/atr/JudgmentTermination.

- The public had the opportunity to submit comments regarding each proposed termination to the Antitrust Division within thirty days of the date the case name and judgment link was posted to the public website.

- Having received no comments regarding the above-captioned judgments, the United States moves this Court to terminate them.

The United States followed this process for each judgment it seeks to terminate by this motion.[4]

The remainder of this memorandum is organized as follows:  Section II describes the Court's jurisdiction to terminate the judgments in the above-captioned cases.  Section III explains that perpetual judgments rarely serve to protect competition and those that are more than ten years old should be terminated absent compelling circumstances.  This section also describes the additional reasons that the United States believes each of the judgments should be terminated.  Section IV concludes.  Appendix A attaches a copy of each final judgment that the

---

[4] The United States followed this process to move several other district courts to terminate legacy antitrust judgments. *See United States v. Am. Amusement Ticket Mfrs. Ass'n*, Case 1:18-mc-00091 (D.D.C. Aug. 15, 2018) (terminating nineteen judgments); *In re: Termination of Legacy Antitrust Judgments*, No. 2:18-mc-00033 (E.D. Va. Nov. 21, 2018) (terminating five judgments); *United States v. The Wachovia Corp. and Am. Credit Corp.*, Case No. 3:75CV2656-FDW-DSC (W.D.N.C. Dec. 17, 2018) (terminating one judgment); *United States v. Capital Glass & Trim Co., et al.*, Case No. 3679N (M.D. Ala. Jan. 2, 2019) (terminating one judgment); *United States v. Standard Sanitary Mfg. Co., et al.*, Case 1:19-mc-00069-RDB (D. Md. Feb. 7, 2019) (terminating nine judgments); and *United States v. Savannah Cotton and Naval Stores Exchange, Inc., et al.*, Case No.: Civ. 559 (S.D. Ga. Apr. 4, 2019) (terminating two judgments).

United States seeks to terminate.  Appendix B summarizes the terms of each judgment and the United States' reasons for seeking termination.  Finally, Appendix C is a Proposed Order Terminating Final Judgments.

## II.     APPLICABLE LEGAL STANDARDS FOR TERMINATING THE JUDGMENTS

This Court has jurisdiction to terminate the judgments in the above-captioned cases.  A copy of each of the judgments is attached in Appendix A.  All of the judgments expressly provide that the Court retains jurisdiction.  Moreover, the Court's inherent authority to terminate a judgment it has issued is now encompassed in the Federal Rules of Civil Procedure.  Rule 60(b)(5) and (b)(6) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . .  (5) [when] applying it prospectively is no longer equitable; or (6) for any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(5)-(6); *accord Griffin v. Sec'y, Fla. Dep't of Corr.,* 787 F.3d 1086, 1089 (11th Cir. 2015) ("Rule 60(b)(5) applies in ordinary civil litigation where there is a judgment granting continuing prospective relief.")

Given its jurisdiction and its authority, the Court may terminate each judgment for any reason that justifies relief, including that the judgments no longer serve their original purpose of protecting competition.[5]  Termination of these judgments is warranted.

## III.    ARGUMENT

It is appropriate to terminate the perpetual judgments in each the above-captioned cases because they no longer continue to serve their original purpose of protecting competition.  The

---

[5] In light of the circumstances surrounding the judgments for which it seeks termination, the United States does not believe it is necessary for the Court to make an extensive inquiry into the facts of each judgment to terminate them under Fed. R. Civ. P. 60(b)(5) or (b)(6).  All of these judgments would have terminated long ago if the Antitrust Division had the foresight to limit them to ten years in duration as under its policy adopted in 1979.  Moreover, the passage of decades and changed circumstance since their entry, as described in this memorandum, means that the judgments likely no longer serve their original purpose of protecting competition.

United States believes that the judgments presumptively should be terminated because their age alone suggests they no longer protect competition.  Other reasons, however, also weigh in favor of terminating these judgments, including that defendants likely no longer exist and terms of the judgment merely prohibit that which the antitrust laws already prohibit.  Under such circumstances, the Court may terminate the judgments pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure.

### A.      The Judgments Presumptively Should Be Terminated Because of Their Age

Permanent antitrust injunctions rarely serve to protect competition.  The experience of the United States in enforcing the antitrust laws has shown that markets almost always evolve over time in response to competitive and technological changes.  These changes may make the prohibitions of decades-old judgments either irrelevant to, or inconsistent with, competition.  The development of new products that compete with existing products, for example, may render a market more competitive than it was at the time of entry of the judgment or may even eliminate a market altogether, making the judgment irrelevant.  In some circumstances, a judgment may be an impediment to the kind of adaptation to change that is the hallmark of competition, undermining the purposes of the antitrust laws.  These considerations, among others, led the Antitrust Division in 1979 to establish its policy of generally including in each judgment a term automatically terminating the judgment after no more than ten years.[6]

The judgments in the above-captioned matters—all of which are decades old— presumptively should be terminated for the reasons that led the Antitrust Division to adopt its 1979 policy of generally limiting judgments to a term of ten years.  There are no affirmative

---

[6] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.

reasons for the judgments to remain in effect; indeed, there are additional reasons for terminating them.

**B.      The Judgments Should Be Terminated Because They Are Unnecessary**

In addition to age, other reasons weigh heavily in favor of termination of each judgment. These reasons include: (1) most defendants likely no longer exist, and (2) the judgment largely prohibits that which the antitrust laws already prohibit.  Each of these reasons suggests the judgments no longer serve to protect competition.  In this section, we describe these additional reasons, and we identify those judgments that are worthy of termination for each reason. Appendix B summarizes the key terms of each judgment and the reasons to terminate it in more detail.

1.      <u>Most Defendants Likely No Longer Exist</u>

The Antitrust Division believes that most of the defendants in the following cases brought by the United States likely no longer exist:

- *Atlantic Company, et al.*, Civil Action No. 719 (judgment entered 1952),
- *Heyward Allen Motor Company, et al.*, Civil Action No. 771 (judgment entered 1971), and
- *Southeastern Peanut Association,* Civil Action No. 777 (judgment entered 1973).

These judgments relate to very old cases brought against groups of individuals or firms. With the passage of time, the individual defendants in these cases likely have passed away, and several of the corporate defendants appear to have gone out of existence, as discussed in more detail in Appendix B.  To the extent that defendants no longer exist, the related judgments serve no purpose, which is a reason to terminate these judgments.

   2.   <u>Terms of Judgment Prohibit Acts Already Prohibited by Law</u>

The Antitrust Division has determined that the core provisions of the judgments in the

following cases merely prohibit acts that are illegal under the antitrust laws, such as price fixing

customer and market allocation, and group boycotts:

- *Atlantic Company, et al.*, Civil Action No. 719 (prohibiting price fixing, predatory pricing, and customer/market allocation),
- *Heyward Allen Motor Company, et al.*, Civil Action No. 771 (prohibiting price fixing),
- *Southeastern Peanut Association,* Civil Action No. 777 (prohibiting price fixing and group boycotts), and
- *Tom's Foods, Ltd.*, Civil Action No. 75-28-COL (prohibiting price fixing).

These terms amount to little more than an admonition that defendants shall not violate the

law.  Absent such terms, defendants who engage in the type of behavior prohibited by these

judgments still face the possibility of imprisonment, significant criminal fines, and treble

damages in private follow-on litigation.  To the extent these judgments include terms that do

little to deter anticompetitive acts, they serve no purpose and there is reason to terminate them.

   **C.   There Has Been No Public Opposition to Termination**

The United States has provided adequate notice to the public regarding its intent to seek

termination of the judgments.  On April 25, 2018, the Antitrust Division issued a press release

announcing its efforts to review and terminate legacy antitrust judgments, and noting that it

would begin its efforts by proposing to terminate judgments entered by the federal district courts

in Washington, D.C. and Alexandria, Virginia.[7]  On May 4, 2018, the Antitrust Division

---

   [7] Press Release, Department of Justice, Department of Justice Announces Initiative to Terminate "Legacy" Antitrust Judgments, (April 25, 2018), https://www.justice.gov/opa/pr/department-justice-announces-initiative-terminate-legacy-antitrust-judgments.

described its Judgment Termination Initiative in a statement published in the Federal Register.[8] On September 21, 2018, the Antitrust Division listed the judgments in the above-captioned cases on its public website, describing its intent to move to terminate the judgments.[9]  The notice identified each case, linked to the judgment, and invited public comment.  The Division received no comments concerning the judgments in any of the above-captioned cases.

## IV.    CONCLUSION

For the foregoing reasons, the United States believes termination of the judgments in each of the above-captioned cases is appropriate, and respectfully requests that the Court enter an order terminating them.  *See* Appendix C, which is a proposed order terminating the judgments in the above-captioned cases.


Dated:  April 23, 2019                              /s/ Barry L. Creech

Barry L. Creech (DC Bar No. 421070)
Trial Attorney
Antitrust Division
United States Department of Justice
450 Fifth St, NW; Suite 4042
Washington, DC 20530
Phone: (202) 307-2110
Fax:     (202) 307-5802
Email:  barry.creech@usdoj.gov

---

[8]  Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.

[9] https://www.justice.gov/atr/JudgmentTermination, link titled "View Judgments Proposed for Termination in Georgia, Middle District."